**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Pressdough of Bismarck, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION TO TRANSFER VENUE** |
| vs. | ) | |
| | ) | |
| A&W Restaurants, Inc., and Long John | ) | Case No. 1:08-cv-062 |
| Silver's, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' motion to transfer venue filed on June 24, 2008. See Docket No. 3. The Plaintiff filed a response on July 7, 2008. See Docket No. 6. The Defendants filed a reply brief on July 14, 2008. See Docket No. 11. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND**

Defendant A&W Restaurants, Inc. (A&W) is a Michigan corporation with its principal place of business in Louisville, Kentucky. See Docket No. 1. Defendant Long John Silver's, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky. See Docket No. 1. The plaintiff, Pressdough of Bismarck, LLC (Pressdough), is a North Dakota limited liability company with its principal place of business in Bismarck, North Dakota. See Docket No. 6. The principals of Pressdough, Reza T. Kamranian and Joan Kamranian, are citizens of North Dakota and residents of Bismarck, North Dakota. See Docket No. 6.

A&W and Long John Silver's, subsidiaries of Yum! Brands, Inc., are in the business of licensing and franchising to others the use of their names and trademarks in operating their

1

restaurants. See Docket Nos. 4 and 6. The parties engaged in a series of agreements in which A&W granted to Pressdough the right to construct and operate two A&W restaurants in Bismarck, North Dakota, and Long John Silver's granted to Pressdough the right to prepare for sale Long John Silver's products at the two restaurants, as co-branded A&W/Long John Silver's restaurants. These agreements contained competing forum selection clauses which lends to the dispute in this case. The parties have agreed to the following undisputed facts.

"Front Avenue" Restaurant

(1) On December 3, 1997, A&W, as licensor, and Pressdough, as licensee, entered a "License Agreement" in which A&W granted to Pressdough the right to construct and operate an A&W restaurant at 304 East Front Avenue, Bismarck, North Dakota. See Docket No. 1-4. The License Agreement contained a forum selection clause which provided that the laws of Michigan governed the agreement and that the courts of the Eastern District of the State of Michigan had personal jurisdiction over the agreement. See Docket No. 1-4, ¶ 18.1.

(2) A&W and Pressdough attached a Rider to the License Agreement which deleted the Michigan forum selection clause in its entirety and added the following language in substitution thereof: "This License Agreement shall be governed and construed in accordance with the laws of the State of North Dakota. The parties consent to the personal jurisdiction of the courts of the State of North Dakota in connection with all matters pertaining hereto." See Docket No. 1-4, p. 31.

(3) On June 7, 2000, A&W and Pressdough entered into an "Addendum to Traditional License Agreement" which provided that the laws of the State of Michigan governed the agreement and that "any action brought by either party against the other in any court, whether federal or state, shall be brought exclusively within the State of Michigan . . . . The parties agree that this is a mutually convenient forum for any trial concerning disputes under this Agreement. It is mandatory that this forum be exclusively used for all disputes and no other forum may be used." See Docket No. 1-5, ¶ 26.

(4) On February 21, 2001, Long John Silver's and Pressdough entered into a "Franchise Agreement," in which Long John Silver's granted to Pressdough the right to prepare for sale its products at the Front Avenue restaurant, and agreed that the laws of Kentucky governed and that any action arising out of the Franchise Agreement "shall be instituted and maintained only in state or federal court of general jurisdiction in Fayette County, Kentucky, and Franchisee irrevocably submits to the jurisdiction of such court and waives any objection it may have to either the jurisdiction or venue of such court." See Docket No. 1-6, ¶ 15.02.

(5)   On February 21, 2001, Long John Silver's and Pressdough entered into an "Addendum to Franchise Agreement." The addendum deleted the Kentucky forum selection clause, and added the following language elsewhere: "Provided, however, that such release shall not operate to release the Company or any other person or entity from any claims or liability arising under the North Dakota Franchise Investment Law" and "Subject to North Dakota Century Code Section 9-08-06 . . . ."  See Docket No. 1-12.

(6)   On June 13, 2001, A&W and Pressdough entered an "Amendment to License Agreement" to confirm Pressdough's assumption as licensee under the License Agreement.  See Docket No. 2-2.

(7)   On February 26, 2001, Long John Silver's and Pressdough again entered into an "Addendum to Franchise Agreement" to convert the Front Avenue restaurant to a co-branded A&W/Long John Silver's restaurant. The addendum made no reference to venue.  See Docket No. 2-3.

"Fourteenth Street" Restaurant

(8)   On July 1, 2002, Long John Silver's and Pressdough entered into a "Franchise Agreement" in which Long John Silver's granted to Pressdough the right to sell its products at a Long John Silver's restaurant located at 3120 North 14th Street, Bismarck, North Dakota, and agreed to a forum selection clause which provided that the laws of Kentucky governed and that "any action arising out of or relating to this Agreement (including, without limitation, the offer and sale of the Franchise), shall be instituted and maintained only in a state or federal court of general jurisdiction in Fayette County, Kentucky, and Franchisee irrevocably submits to the jurisdiction of such court and waives any objection it may have to either the jurisdiction or venue of such court."  See Docket No. 2-4, ¶ 15.02.

(9)   On July 1, 2002, Long John Silver's and Pressdough entered into an "Addendum to Franchise Agreement" to convert the Fourteenth Street restaurant to a co-branded A&W/Long John Silver's restaurant. The addendum made no reference to venue.  See Docket No. 2-7.

(10)  On August 9, 2002, A&W and Pressdough entered into a "License Agreement" in which A&W granted to Pressdough the right to construct and operate an A&W restaurant at the Fourteenth Street location, and agreed that "any action brought by either party against the other in any court, whether federal or state, shall be brought exclusively within the State of Kentucky in the judicial circuit or district in which A&W Restaurants, Inc. has its principal place of business, and the parties do hereby waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision. The parties agree this forum is the most convenient forum for both jurisdiction and venue. The parties agree that this is a mutually convenient forum for any trial concerning disputes under this Agreement. It is mandatory that this forum be exclusively used for all disputes and that no other forum may be used."  See Docket No. 2-8, ¶ 18.1.

(11) A&W and Pressdough attached a Rider to the License Agreement which deleted the forum selection clause in its entirety and substituted the following language: "This License Agreement shall be governed and construed in accordance with the laws of the State of North Dakota. The parties consent to the personal jurisdiction of the courts of the State of North Dakota in connection with all matters pertaining hereto." See Docket No. 2-8, p. 31.

(12) On August 9, 2002, A&W and Pressdough entered into an "Addendum to License Agreement" to convert the Fourteenth Street restaurant to a co-branded A&W/Long John Silver's restaurant. The addendum made no reference to venue. See Docket No. 2-9.

Unspecified Restaurant

(13) On April 8, 2004, A&W and Pressdough entered into promissory notes for advertising and royalties. The promissory notes specified, "[s]hould any action at law or in equity be brought by Payee to secure or protect its rights under this Note, such action shall be brought in the United States District Court for the Western District of Kentucky, or, if said court does not have subject matter jurisdiction, then such action shall be brought in the appropriate state court in the City of Louisville and County of Jefferson, Kentucky." See Docket Nos. 2-11, 2-12, and 2-14.

(14) On June 10, 2004, Pressdough and the Kamranians individually executed an "Acknowledgment of Indebtedness" in which they acknowledged debts to A&W and Long John Silver's for past royalties and advertising. See Docket No. 2-16.

(15) On June 28, 2004, A&W and the Kamranians entered into an "Indebtedness Guaranty" in which the Kamranians jointly and severally guaranteed Pressdough's obligations to A&W. The guaranty provided, "This Indebtedness Guaranty is executed in and shall be governed in accordance with the laws of the Commonwealth of Kentucky as to interpretation, validity, performance and enforcement. Should any action at law or in equity be brought by Payee to secure or protect its rights under this Agreement, such action shall be brought in the United States District Court for the Western District of Kentucky, or, if said court does not have subject matter jurisdiction, then such action shall be brought in the appropriate state court in the City of Louisville and County of Jefferson, Kentucky." See Docket No. 2-13.

(16) On June 28, 2004, Long John Silver's and the Kamranians entered into an "Indebtedness Guaranty" in which the Kamranians jointly and severally guaranteed Pressdough's obligations to Long John Silver's. The guaranty provided that the laws of Kentucky governed and that any action brought with respect to the guaranty shall be brought in the United States District Court for the Western District of Kentucky or in the state court in the City of Louisville and County of Jefferson, Kentucky. See Docket No. 2-15.

4

In November 2004, the Defendants notified Pressdough that it was in default under the license and franchise agreements for failing to remit royalty fees in August and September 2004. See Docket No. 2-17. In letters dated January 21, 2005, the Defendants notified Pressdough that the license and franchise agreements for the two A&W/Long John Silver's restaurants were terminated, effective immediately. See Docket No. 2-18. The Defendants also notified Pressdough and the Kamranians, in numerous letters dated December 6, 2004, through June 1, 2005, that Pressdough was delinquent on the promissory notes. See Docket No. 2-19.

On March 11, 2008, the Defendants filed an action against Pressdough and the Kamranians in the Eastern District of Kentucky seeking a declaratory judgment that the agreements between the parties had been terminated. See Docket Nos. 4 and 6. On April 16, 2008, Pressdough and the Kamranians filed a motion to dismiss the action or, in the alternative, to transfer venue to the District of North Dakota. See Docket Nos. 4 and 6.

On May 9, 2008, Pressdough initiated an action in state court in the District Court of Burleigh County for breach of contract and estoppel, and sought a temporary restraining order to enjoin A&W and Long John Silver's from directing their distributors to cease the supply of product to Pressdough. See Docket Nos. 4 and 6. The District Court of Burleigh County granted a temporary restraining order on May 14, 2008. See Docket No. 1-15.

On June 13, 2008, the Defendants filed and served a notice of removal of Pressdough's action to federal court in the District of North Dakota. See Docket No. 1. On June 16, 2008, the federal court in the Eastern District of Kentucky issued an Opinion & Order granting Pressdough and the Kamranians' motion to transfer venue to the extent that the action was transferred to the Western District of Kentucky, denying the motion to the extent that Pressdough and the Kamranians sought a transfer to the District of North Dakota, and declining to address the issue of personal

5

jurisdiction. See Docket No. 4-2. The federal action in Eastern Kentucky has since been transferred to the Western District of Kentucky, Louisville Division.

The Defendants now move to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Western District of Kentucky, where an action between the parties is pending. The Defendants contend that the cases should be consolidated into one proceeding in light of the June 16, 2008, Opinion & Order issued by the Eastern District of Kentucky and the "first to file" rule.

## II.  JURISDICTION

It is well-established that federal courts are courts of limited jurisdiction. Unlike state courts, federal courts have no "inherent" or "general" subject matter jurisdiction. Federal courts can only adjudicate those cases which the Constitution and Congress authorizes them to adjudicate. Those types of cases generally involve diversity of citizenship (28 U.S.C. § 1332) or a federal question (28 U.S.C. § 1331). Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states.

Pressdough originally filed this action in state court in the District Court of Burleigh County for breach of contract and estoppel, seeking damages in an amount not less than $50,000. See Docket No. 1-2. An action is pending in the Western District of Kentucky between the same parties and A&W and Long John Silver's are seeking damages in excess of $250,000. See Docket No. 1. Pressdough is a North Dakota limited liability company, the Kamranians are North Dakota citizens, and the restaurants at issue are located in Bismarck, North Dakota. See Docket No. 6. Long John Silver's is a Delaware corporation with its principal place of business in Louisville, Kentucky. See Docket No. 4. A&W is a Michigan corporation with its principal place of business in Louisville, Kentucky. See Docket No. 4. Therefore, the Court has diversity jurisdiction over the action.

6

Further, the Defendants have filed a counterclaim asserting federal claims for trademark infringement under the Langham Act, 15 U.S.C. §§ 1051-1127, conferring federal question jurisdiction in this Court. See Docket No. 2. Accordingly, the Court has jurisdiction over the action.

### III.     CHANGE OF VENUE

Pursuant to 28 U.S.C. § 1404(a), a federal district court may transfer a case to another district. When considering a motion to transfer venue, a court is statutorily required to balance three factors: (1) convenience of parties, (2) convenience of witnesses, and (3) interests of justice. 28 U.S.C. § 1404(a). In keeping with the "flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988), evaluation of a transfer motion is not limited to these three factors, but instead, "such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). A forum selection clause is one of the factors to consider when reviewing a Section 1404(a) motion. See Stewart, 487 U.S. at 31.

"[Section 1404(a)] assumes that venue is proper in the court where the action is initially filed, and also that the court has jurisdiction over the person of the defendant." Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1201 (8th Cir. 1990). It is well-established that a change of venue, although within the discretion of the district court, should not be freely granted. Courts are in the business of deciding cases, not playing procedural hockey among available districts at the whim of dissatisfied parties. In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982) overruled on other grounds, Missouri Hous. Dev. Comm'n v. Brice, 919 F.2d 1306, 1311 (8th Cir. 1990). The moving

party bears the "heavy burden" of showing that the balance of factors weighs in favor of a transfer. Dakota W. Bank of North Dakota v. N. Am. Nutrition Companies, Inc., 284 F. Supp. 2d 1232, 1234 (D.N.D. 2003).

### A.    FORUM SELECTION CLAUSE

Courts generally enforce a forum selection clause unless enforcement of the clause would be "unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). But "[b]efore a district court can even consider a forum selection clause in its transfer analysis, it must first decide whether the clause applies to the type of claims asserted in the lawsuit." Terra Int'l, 119 F.3d at 692. Over the course of nearly seven years, from 1997 through 2004, the parties entered into numerous agreements for the operation of two A&W/Long John Silver's restaurants in Bismarck, North Dakota. At the heart of the dispute is the scope of the parties' contractual duties under these agreements. Because this Court must have personal jurisdiction over the action to hear the dispute, the applicability of the North Dakota forum selection clauses is directly related to the claims asserted in the lawsuit.

Pressdough argues that the claims in this action are separate and distinct from those pending in the Western District of Kentucky and, therefore, requests that the claims be litigated in separate forums. The Court finds this argument unpersuasive. The claims in both actions arose out of the same transactions for the operation of two A&W/Long John Silver's restaurants in Bismarck, North Dakota. If the Court were to enforce the forum selection clauses of all of the agreements, the parties would be forced to litigate, in multiple forums, the exact same claims raised in this action. Further, the claims which Pressdough raises in this action will likely be addressed in the Western District of

8

Kentucky. Therefore, the Court finds that it would be "unreasonable under the circumstances" to enforce the North Dakota forum selection clauses.

### B.     CONVENIENCE OF THE PARTIES

Pressdough contends that North Dakota is a more convenient forum because Pressdough is a small North Dakota limited liability company with limited financial resources, the Kamranians are citizens of North Dakota and residents of Bismarck, North Dakota, and the restaurants at issue are located in North Dakota. Pressdough further contends that if venue is transferred to the Western District of Kentucky, then Pressdough's "limited financial resources will be stretched to the breaking point." See Docket No. 6. The Defendants contend that the convenience of the parties is not a factor that weighs heavily in favor of either party.

The Court finds that the Defendants have failed to demonstrate that this factor weighs in favor of a transfer. Transferring venue would merely shift the burden from A&W and Long John Silver's to Pressdough. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." Terra Int'l, 119 F.3d at 696-97.

### C.     CONVENIENCE OF THE WITNESSES

The factor generally given the most weight by courts considering a motion for change of venue is the convenience of the witnesses. Nevertheless, this factor is not dispositive and must still be weighed against the other relevant factors – such as the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. See Gulf Oil Corp v. Gilbert, 330 U.S. 501, 508 (1947). The Court "must examine the materiality and importance of the

anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991).

Pressdough contends that North Dakota is a more convenient forum for its witnesses because its witnesses reside in this state. Pressdough anticipates that it will call witnesses from the Bismarck-Mandan area who had been hired by Pressdough to market the restaurants. Pressdough contends that the witnesses will testify as to the effect of the Defendants' alleged inaction on local marketing opportunities, and the effect of a lack of local marketing support on the profits of restaurants in the Bismarck-Mandan area. Pressdough has not provided any information as to the number of witnesses it expects to call or the names of the anticipated witnesses. The Defendants contend that this factor does not weigh in favor of either party because the parties are the critical witnesses. The Court agrees and finds that this factor does not weigh in favor of either party. The critical witnesses in this dispute are the parties. The testimony of the fact witnesses, if needed, can be adequately addressed in written or video depositions or through live video trial testimony.

### D.     **INTERESTS OF JUSTICE**

In determining the interests of justice, courts may consider (1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflict of law issues; and (7) the advantages of having a local court determine questions of local law. Terra Int'l, 119 F.3d at 696.

It is undisputed that the riders to the 1997 and 2002 License Agreements contained North Dakota forum selection clauses. See Docket Nos. 1-4 and 2-8. Pressdough contends that "the

original versions of these license/franchise agreements were clearly in line with the holdings of the North Dakota Securities Commissioner, which determined that it was unfair for out-of-state franchisors to force in-state franchisees to travel to distant locations for the purpose of litigation."[1] See Docket No. 6. The Defendants contend that judicial economy weighs heavily in favor of transferring jurisdiction to the Western District of Kentucky on the basis of the "first to file" rule, and because the Eastern District of Kentucky has considered the issue of jurisdiction and found that the Western District of Kentucky is the proper forum.

A&W and Long John Silver's initially filed an action against Pressdough and the Kamranians in federal district court in the Eastern District of Kentucky. Pressdough and the Kamranians then filed a motion to dismiss the federal action or, in the alternative, to transfer jurisdiction to the District of North Dakota. In determining whether venue ought to be transferred to the District of North Dakota, the Eastern District of Kentucky thoroughly reviewed the forum selection clauses contained in the parties' agreements. The court explicitly stated,

> Because of the conflicting nature of the forum selection clauses contained in the parties' various agreements, this is indeed a case where it would be unjust to enforce all of the forum selection clauses. The facts surrounding both restaurants and the parties' agreements are so intertwined that dividing the case up among the different forums could lead to unjust and conflicting results, confusion, expense, and a waste of resources.
>
> Other than the Fourteenth Street Franchise Agreement between Long John Silver's and Pressdough, this forum has no existing connection to the action. On the other hand, the Western District of Kentucky has a much greater nexus to this case than the Eastern District of Kentucky. Both plaintiffs' principal places of business are currently located in Louisville, Kentucky, where presumably their records related to this action are also located. Many of the agreements between the parties indicate that they were executed and are performable in Louisville, Kentucky. Moreover, the most recently executed agreements between the parties, the 2004 notes and

---

[1] Pressdough is relying upon N.D.C.C. §51-19-09(1)(i), which empowers the North Dakota Securities Commissioner to deny, revoke, or suspend the registration of a franchise upon activities of a franchisor which are unjust, unfair, or inequitable to the franchisees.

11

> guaranties, contain forum selection clauses naming the Western District of Kentucky as the mandatory forum. Accordingly, in order to avoid expensive piecemeal litigation, the Court will decline to enforce each of the conflicting forum selection clauses contained in the various agreements of the parties, and instead will enforce only the most recent forum selection clauses contained in the 2004 notes and guaranties.

See Docket No. 4-2, p. 8. The federal court in Kentucky distinctly noted that, despite Pressdough's desire to transfer jurisdiction to North Dakota, "none of the forum selection clauses mandate North Dakota as the forum." See Docket No. 4-2, p. 7. As a result, the Eastern District of Kentucky granted Pressdough's motion to transfer venue to the extent that venue was transferred to the Western District of Kentucky, Louisville Division; denied Pressdough's motion to transfer venue to the District of North Dakota; and passed on the issue of personal jurisdiction. See Docket No. 4-2.

The Court finds the ruling of the Eastern District of Kentucky, as set forth in its June 16, 2008, Opinion & Order, to be persuasive and the holding is incorporated by reference in this order. Pressdough raised virtually the same arguments to the Eastern District of Kentucky, in its motion to transfer venue, as it has to this Court to retain venue in the District of North Dakota. The Eastern District of Kentucky found Pressdough's arguments unpersuasive because none of the forum selection clauses mandated a North Dakota forum, whereas the most recent guaranties and promissory notes contained forum selection clauses which mandate the Western District of Kentucky to be the appropriate forum.

More important, the Eastern District of Kentucky's holding is reinforced by application of the "first-to-file" rule. "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993). The purpose of the "first-to-file" rule is to

12

promote the interests of justice. "'[I]n the absence of compelling circumstances,' the first-filed rule should apply." Id.

The Eighth Circuit Court of Appeals has recognized two "red flags" that may warrant a departure from the "first-to-file" rule: (1) when the plaintiff was on notice that the defendant was considering filing a suit against it and, therefore, raced to the courthouse to be first; and (2) when the first-filed suit sought declaratory relief rather than damages or equitable relief. See id. at 1007. As to the first exception, there is no evidence to suggest that A&W and Long John Silver's were on notice that Pressdough was considering filing a suit in North Dakota and, in order to beat Pressdough's filing, raced to file a complaint in the Eastern District of Kentucky. In fact, Pressdough delayed filing an action in North Dakota until nearly two months had passed after A&W and Long John Silver's first filed their action in Kentucky. Second, even though A&W and Long John Silver's are seeking declaratory relief in the Western District of Kentucky, they are also seeking money damages, which is the type of relief requested by Pressdough. Therefore, the Court finds that there are no compelling circumstances justifying a departure from applying the "first-to-file" rule.

On March 11, 2008, the Defendants filed an action in the Eastern District of Kentucky. On May 9, 2008, Pressdough filed a complaint in state court in the District Court of Burleigh County. The state action was removed to the federal district court in North Dakota on June 13, 2008. On June 16, 2008, the Eastern District of Kentucky issued an order transferring venue to the Western District of Kentucky. Applying the "first-to-file" rule, the Court finds that the A&W/Long John Silver's complaint filed in federal court in the Eastern District of Kentucky was the first-filed action. Consolidation of the cases in the Western District of Kentucky will promote the interests of justice

13

by reducing delay and costs and by avoiding multiplicity of litigation. Accordingly, transfer to the Western District of Kentucky is warranted.

### IV. CONCLUSION

The Court has carefully considered all of the factors required to be evaluated under 28 U.S.C. § 1404(a). In its discretion, the Court finds that the Defendants have met their burden of showing that the interests of justice compel a transfer of this action to federal court in the Western District of Kentucky, Louisville Division. For the reasons set forth above, the Court **GRANTS** the Defendants' motion to transfer venue (Docket No. 3).

**IT IS SO ORDERED.**

Dated this 24th day of November, 2008.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court